## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:10-cr-00262 |
| ) | Judge Trauger |
| ROBERT KERRY PICKLE ) | |

## MEMORANDUM AND ORDER

### I. Background

The defendant, Robert Kerry Pickle, is a federal inmate sentenced by this court to a term of incarceration which he is currently serving in California. He has filed two *pro se* motions in letter form, under a single cover page. (Doc. No. 304.) In the first motion (*id.* at 2), the defendant invokes 28 U.S.C. § 2241 and argues that, in the wake of *Mathis v. United States*, 136 S. Ct. 2243 (2016), his 2012 sentence was unconstitutionally enhanced based upon non-violent predicate offenses. In his second motion (Doc. No. 304 at 3), the defendant seeks a correction and reduction of his sentence in light of the U.S. Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which he claims rendered his sentence invalid "due to the unconstitutional nature of the residual clause" of "924cc," which the court construes as referring to 18 U.S.C. § 924(c)(3). In both motions, the defendant requests relief in the form of a new sentencing hearing. (Doc. No. 304 at 2, 3.)

The defendant's motions are designated for filing in this criminal case, although his cover page reverses the style of the case. (*Id.* at 1 ("Robert Pickle v. United States of America").) He has already pursued a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and

been denied relief. *See Pickle v. U.S.*, No. 3:16-cv-01435 (M.D. Tenn.). He did not appeal the denial of his § 2255 motion.

## II. Discussion

The defendant's motion under § 2241 is not properly filed in this district, let alone in this criminal case. If the defendant wishes to pursue a habeas corpus remedy under § 2241, he must do so by filing a proper application for such relief in the Eastern District of California,[1] where he is incarcerated. *See* 28 U.S.C. § 2243 ("The writ [of habeas corpus] . . . shall be directed to the person having custody of the person detained."); *accord Hill v. Masters*, 836 F.3d 591, 593 n. 1 (6th Cir. 2016) ("Because Hill incorrectly filed his first § 2241 habeas corpus petition in the District of South Carolina after he had been transferred to the penitentiary in Inez, Kentucky, his petition was dismissed for lack of subject-matter jurisdiction."). This court is without jurisdiction to entertain the motion under § 2241.

The defendant's challenge to the constitutionality of his sentence under *Dimaya* also faces a jurisdictional problem in this court. Although he uses language associated with motions under 18 U.S.C. § 3582(c) in seeking "to reduce and correct" his sentence (Doc. No. 304 at 3), the defendant does not ask for modification of his sentence as contemplated in that section,[2] but seeks a new sentencing hearing based on the alleged unconstitutionality of a provision of the statute establishing the penalties for his crimes, 18 U.S.C. § 924(c)(3). Such a challenge to the validity of the defendant's sentence must proceed under § 2255, unless a § 2255 motion "is inadequate or

---

[1]  The defendant is an inmate of the United States Penitentiary in Atwater, California. (Doc. No. 304 at 4.) Atwater lies within Merced County, in the Eastern District of California. 28 U.S.C. § 84(b).

[2]  Section 3582(c)(2) "allows a court to reduce a sentence premised on a guideline that the [U.S. Sentencing] Commission later retroactively reduces." *United States v. Chambliss*, 398 F. App'x 142, 143 (6th Cir. 2010).

ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). While the defendant has already been denied relief under § 2255, this prior denial does not render the statute inadequate or ineffective for purposes of his current claim. *Truss v. Davis*, 115 F. App'x 772, 775 (6th Cir. 2004). Courts have recognized that "a petitioner may present a *Dimaya* claim through a second-or-successive motion under § 2255[.]" *Casarez v. Barnes*, No. 18-CV-2255, 2018 WL 6516043, at *2 (D. Minn. Nov. 6, 2018). *See also In re Gordon*, No. 18-3449, 2018 WL 3954189 (6th Cir. Aug. 14, 2018) (entertaining second or successive § 2255 motion based on *Dimaya*). The court therefore construes the defendant's motion to reduce and correct his sentence (Doc. No. 304 at 3) as a second or successive § 2255 motion.

However, "[b]efore a second or successive [§ 2255 motion] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). As pertinent here, such authorization will hinge upon whether the motion asserts "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(2). There is no indication that the defendant has obtained the necessary authorization from the Sixth Circuit Court of Appeals to file his motion in this court. The court cannot proceed in the absence of such authorization. In this circuit, if a second or successive habeas petition or motion to vacate is filed in the district court without prior authorization by the Sixth Circuit Court of Appeals, the appropriate procedure is for the district court to transfer the file pursuant to 28 U.S.C. § 1631 to the appellate court, which will construe the § 2255 motion as a request under § 2244(b)(3)(A) for authorization to file the motion. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

### III. Conclusion

Accordingly, the defendant's motion for relief under 28 U.S.C. § 2241 (Doc. No. 304 at 2) is **DENIED WITHOUT PREJUDICE** to his ability to file a proper § 2241 petition in the district court for the district where he is confined.

The Clerk of Court is **DIRECTED** to **TRANSFER** the motion to reduce and correct sentence (Doc. No. 304 at 3) to the Sixth Circuit Court of Appeals, to be considered as a motion for an order authorizing this court to consider a second or successive motion to vacate, set aside, or correct the defendant's sentence. The Clerk must also forward a copy of this order to the appellate court.

It is so **ORDERED**.

ENTER this 28th day of May 2019.

_____
Aleta A. Trauger
United States District Judge